IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**LOUISE ANN NOGOWSKI,**

    Plaintiff,

v.

**ST. CHARLES MEDICAL CENTER**,

    Defendant.

Civ. No. 6:23-cv-00027-AA

**OPINION AND ORDER**

AIKEN, District Judge:

Defendant St. Charles Medical Center filed a Motion to Dismiss which is now before the Court. Def.'s Mot. to Dismiss ("MTD"), ECF No. 6. For the reasons below, the Motion is GRANTED, and plaintiff's Complaint, ECF No. 1, is DISMISSED.

## BACKGROUND

Defendant employed plaintiff Louise Nogowski as a Registered Nurse (RN) in the Intensive Care Unit (ICU) at its largest hospital in Bend, Oregon for around 20 years. ECF No. 1 ¶ 4. During the time when plaintiff was working as an RN in the ICU, the COVID-19 pandemic was underway. *Id*. ¶ 8. In August 2021, Oregon Governor Kate Brown issued an executive order ("vaccine mandate" or "mandate")

requiring healthcare workers to be vaccinated against COVID-19 by October 18, 2021. MTD at 1; *see also* OAR § 333-019-1010. To comply with the mandate, defendant announced to all its employees its intent to require vaccination against COVID-19. ECF No. 1 ¶ 10.

On about September 28, 2021, plaintiff submitted a COVID-19 Vaccine Religious Exception Request Form seeking a religious exception to the vaccination requirement. Compl. ¶ 10; Durr Dec. ¶ 2, Ex. 1.[1] Plaintiff's request contains brief, statements describing her religious bases for declining the COVID-19 vaccine. This included:

> As a child of god I believe I have been given free will to make my choices understanding that those choices have consequences both good and bad. Therefore I will not give up my free will to be forced to do something I don't believe is in my best interest.

*Id*. at 2. Plaintiff also stated she would need the accommodation "until I no longer need it to practice bedside nursing." *Id*. In response to the question asking for information about references to verify her sincerely held religious belief, plaintiff wrote: "My husband-Brandon. I don't have a church as I don't trust people who only approve of you when you make them look good." *Id*. at 3. In response to a question asking her to identify alternative accommodations in lieu of vaccination, plaintiff stated that she requested to wear a mask or work remotely from home conducting

---

[1] The Court may rely on outside documents incorporated by reference in the complaint on which the complaint "necessarily relies." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Plaintiff relies on her submitted exception request and other correspondence with defendant in her Complaint. *See* Compl ¶ 10. The Court may therefore consider plaintiff's application statements here.

Page 2 – OPINION AND ORDER

utilization reviews. *Id*.

Defendant granted plaintiff's application and on October 18, 2021, they placed her on unpaid administrative leave. ECF No. 1 ¶ 11. Defendant terminated plaintiff's employment as an indefinite leave of absence when the vaccination mandate was extended in January 2022. *Id*. ¶ 12. Plaintiff alleges that defendant placed her on unpaid leave "based on her sincerely held religious beliefs" and in "retaliation for expressing those beliefs." *Id*. ¶ 17. This action followed.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations need not be accepted as true. *Id*.

## DISCUSSION

Plaintiff brings claims for (1) unlawful employment discrimination based on religion in violation of ORS 659A.030(1)(a); and (2) unlawful discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*[2] Plaintiff alleges that St. Charles Medical Center subjected her to discriminatory treatment by engaging in a series of adverse employment actions culminating in plaintiff's termination.

In its motion to dismiss, defendant asserts that plaintiff fails to allege facts establishing that her objections to the vaccine are religious and that her beliefs do not conflict with the vaccine mandate. MTD at 13-18. Therefore, in defendant's view, plaintiff has failed to state a claim for religious discrimination under Title VII or Oregon law. Defendant also argues that even if plaintiff could demonstrate religious discrimination, plaintiff's requested accommodation would have constituted undue hardship to defendant's operations. MTD at 18-22.

Defendant moved to dismiss over four months ago. Plaintiff failed to respond. The Court treats plaintiff's failure to respond as a concession on the merits. *Sweet v. Clark Cnty. WA Off. of Indigent Def.*, No. 3:18-cv-00124-YY, 2018 U.S. Dist. LEXIS 122516, at *6 (D. Or. June 19, 2018); (citing *Helmen v. Nationwide*

---

[2] Oregon Revised Statute § 659A.030(1)(a) and Title VII both prohibit employers from engaging in religious discrimination with respect to an individual's employment terms. This means that under the Oregon statute, claims are evaluated using the same criteria as under Title VII. *Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011) (quoting *Dawson v. Entek Int'l*, 662 F. Supp. 2d 1277, 1284 (D. Or. 2009).

*Life Ins. Co.*, 189 F. App'x 593, 594 (9th Cir. 2016) and *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir, 1995)). In so deciding, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992), *as amended* (May 22, 1992).

## I.    Legal Framework

Title VII explicitly encompasses "all aspects of religious observance and practice, as well as belief" within its definition of "religion."  42 U.S.C. § 2000e(j). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id*. If an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id***.**

To establish a prima facie case of religious discrimination based on an employer's failure to accommodate, the plaintiff must allege that (1) they hold a genuine religious belief that conflicts with a job requirement; (2) they informed their employer about this belief and the resulting conflict; and (3) that the employer took adverse employment actions against them due to their inability to meet the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

An employee's request for a religious exemption from a COVID-19 vaccination mandate can be declined if it is determined that the employee's belief lacks authentic religious significance. *Tiano*, 139 F.3d at 681 (quoting 42 U.S.C. § 2000e-2(a)(1)). The U.S. Equal Employment Opportunity Commission ("EEOC") provided Title VII guidance on religious accommodations to COVID-19 vaccine mandates. The EEOC explained that "an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021). That guidance underscores that objections to COVID-19 vaccines "purely based on social, political, or economic views or personal preferences . . . (including about the possible effects of the vaccine)" are not religious beliefs under Title VII.[3] Therefore, a court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). And a "threadbare reference" to the plaintiff's religious beliefs cannot satisfy the first element of a prima facie case. *Gage v. Mayo Clinic*, No. CV-22-02091, 2023 WL 3230986, slip op. at *3 (D. Ariz. May 3, 2023).

Courts distinguish between what is genuinely grounded in religious belief and what is rooted in secular or scientific principles. *See Wisconsin v. Yoder,* 406 U.S. 205, 215-16 (1972) (plaintiff's claim that their subjective rejection of the

---

[3] What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, EEOC (Oct. 25, 2021), available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.

"contemporary secular values accepted by the majority" did not have a foundation in religious belief); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (plaintiffs' claims must originate from religious beliefs rather than purely secular philosophical concerns); *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (dismissing religious accommodation claims under Title VII related to COVID-19 vaccine mandate and finding plaintiff's purported beliefs related to "free will" were more isolated moral teaching and not religious); *Brox v. Hole*, 590 F. Supp. 3d 359, 367 (D. Mass. 2022) (dismissing religious accommodation claims and finding plaintiff's opposition to COVID-19 vaccine was not religious where he claimed God instilled plaintiff with a strong immune system and preference for natural medicines).

Here, defendant convincingly argues that plaintiff's stated religious basis for exemption is too broad and vague to sufficiently allege religious beliefs that conflict with obtaining a COVID-19 vaccine.

Plaintiff's allegations about her purported beliefs giving rise to her opposition to the COVID-19 vaccine are closer to personal beliefs or "isolated moral teachings," as seen in cases cited above, rather than religious beliefs afforded protection under Title VII or Oregon law.

Plaintiff's complaint relies on her request for exemption, which includes her description of her religious beliefs and why they limit her ability to receive the COVID-19 vaccine. Plaintiff's exception request form refers vaguely and in conclusory fashion to herself "[a]s a child of god." Durr Decl. ¶ 2, Ex. 1. Plaintiff

Page 7 – OPINION AND ORDER

further states, "I believe I have been given free will to make my choices understanding that those choices have consequences both good and bad. Therefore, I will not give up my free will to be forced to do something I don't believe is in my best interest." *Id*. Plaintiff also claims that she does not belong to "a church as I don't trust people who only approve of you when you make them look good." *Id*. at 2.

Defendant asserts that these statements related to "free will" and acting in her own "best interest" fail to demonstrate a sincerely held religious beliefs under any definition. Courts have dismissed religious discrimination cases, including at the motion-to-dismiss stage, on that basis. See *Finkbeiner*, 623 F. Supp. at 465 (M.D. Pa. 2022) (plaintiff's purported opposition to COVID-19 vaccine and related safety measures based on her "free will" and "God given right to make [her] own choices" not religious in nature and dismissing religious discrimination claims); *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017) (granting motion to dismiss and finding plaintiff's purported opposition to flu vaccine not religious where plaintiff simply claimed vaccines did more harm than good, and despite plaintiff's assertions that he is "Buddhist").

Accordingly, plaintiff fails to allege facts giving rise to an inference of a sincere religious opposition under this framework. Plaintiff alleged a general religious opposition to the vaccine mandate under the principle of free will. She stated no details or specifics about the vaccine that conflicted with the specifics of her religion. Other districts have similarly concluded. *See Finkbeiner*, 623 F. Supp.

3d at 465-466 (rejecting plaintiff's religious objection to employee vaccination mandate based on their belief they have a "God-given right to make their own choices," stating this objection would amount to "a blanket privilege" and a "limitless excuse for avoiding all unwanted obligations").  Plaintiff also presented limited reference evidence to verify her sincerely held religious belief, listing only her husband, and clarifying that she doesn't attend church or any other place of worship.  Because plaintiff has failed to state a claim under Title VII or Oregon law, the court does not reach defendant's affirmative defense of "undue hardship"—the second part of the burden-shifting framework.

## CONCLUSION

For the reasons set forth above, defendant's Motion to Dismiss, ECF No. 6. is GRANTED.  Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice and final judgment will be entered accordingly.

    IT IS SO ORDERED and DATED this  24th  day of October 2023.

                                                 /s/Ann Aiken

                                             ANN AIKEN
                                             United States District Judge